

FILED
JAN 14 2019
Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANDREW DAVID GOLIE<br><br>Petitioner,<br><br>vs.<br><br>NEF-MSP; STATE OF MONTANA; MONTANA BOARD OF PARDONS AND PAROLE,<br><br>Respondents. | Cause No. CV 20-02-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se petitioner Andrew David Golie's application for writ of habeas corpus under 28 U.S.C. § 2254.

## I. Motion for Leave to Proceed in Forma Pauperis

Golie seeks leave of the Court to proceed in forma pauperis, however, Golie did not provide the requisite inmate account statement. See, (Doc. 2.) But because there is no reason to delay this matter further, Golie's motion will be granted.

## II. 28 U.S.C. § 2254 Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be

summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* As explained herein, Golie's petition for habeas relief is not cognizable in federal habeas and should be denied.

### A. Background

In 2012, Golie was sentenced in Montana's Twenty-First Judicial District, Ravalli County, as a persistent felony offender (PFO) for Tampering with Witnesses and/or Informants and received a twenty-year commitment to Montana State Prison (MSP) with five of the years suspended.[1]

In April of 2019, Golie was granted parole from MSP to the Intensive Supervision Program (ISP). On July 11, 2019, an informal Intervention Hearing was held wherein Golie's Probation/Parole Officer alleged he had violated the conditions of his parole. See, *Golie v. State*, OP 19-0562, Or. at 2 (Mont. Oct. 22, 2019).[2] Golie received written notice of the violation on August 5, 2019, in an Affidavit in Support of Probable Cause Hearing. *Id.* An on-site hearing was held on August 8, 2019; the Hearings Officer determined there was probable cause to

---

[1] Golie previously filed a federal habeas petition challenging his 2012 conviction; he was ultimately denied relief. See, *Golie v. Attorney General*, No. CV-17-127-M-DLC, Or. (D. Mont. Oct. 9, 2019).

[2] Apparently, the violations included: failure to obtain gainful employment; continued association with drug users; admitting testing positive to methamphetamine use; and, failing to obtain a chemical dependency evaluation. *Golie*, OP 19-0562, Or. at 2

2

support the asserted violations and that Golie had, in fact, violated his parole. *Id.* at 3. Additionally, the Hearings Officer determined that the Montana Incentives/Interventions Grid (MIIG)[3] had been exhausted and, accordingly, Golie would be returned to the Parole Board for revocation of his parole. *Id.*

On September 3, 2019, an on-site parole revocation hearing was held at MSP before the Montana Board of Pardons and Parole (the Board). Golie personally appeared and was allowed to present evidence. Following the hearing Golie received a written Case Disposition, explaining the denial of parole and imposing a penalty of 180 days of "clear conduct" prior to further parole consideration. *Id.* The Board recommended Golie receive intensive outpatient chemical dependency treatment in the community. *Id.*

Golie filed a petition for writ of habeas corpus with the Montana Supreme Court challenging the Board's revocation of his parole. The Court denied Golie relief, finding that any additional remedy available lied with the Board rather than the Court. *Id.* Further, the Court determined Golie was provided all the process he was due- an administrative on-site hearing to determine if reasonable grounds for revocation existed- prior to the formal revocation of his parole. *Id.* at 1-2, citing

---

[3] The Supervision Responses Grid provides guidance and procedures and informs "responses to negative and positive behavior by people under supervision …including responses to violations of supervisions conditions, in a swift, certain, and proportional manner." Mont. Code Ann. § 46-23-1028 (2017).

3

*Morrissey v. Brewer*, 408 U.S. 471, 485-489 (1972). The Court found the documents Golie attached to his petition, "verify his parole violations, substantiate the parole revocation process, and justify [Golie's] return to incarceration." *Id.* at 3. Further, the Court determined Golie lacked a liberty interest in parole,[4] that the Board acted within its statutory authority in revoking Golie's parole, that Golie's due process rights were not violated, and that Golie failed to demonstrate his incarceration was illegal. *Id.* at 3-4. Golie's writ of habeas corpus was denied.

B.     **Golie's Claims**

Golie contends his initial arrest for alleged drug use on August 5, 2019, was illegal, because he was awaiting enrollment in a chemical dependency treatment program. (Doc. 1 at 2; 7.) Golie argues that state policy provides illegal drug use is a mitigating factor that an officer should consider in declining to make an arrest or initiate a violation report when one is awaiting treatment. *Id.*, (citing MIIG and state statutes). Golie argues new state policy reflects the reformation of the Montana state justice system which began in 2017. *Id.* at 2-3. Golie believes that because his violations were compliance violations, he should have been allowed to continue on parole pursuant to the newly enacted state policies. *Id.* at 3. Instead,

---

[4] In Montana, an offender who committed an offense after 1989 has no state-created liberty interest in parole. See, *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998)(holding that when the Legislature amended the relevant statute in 1989, it eliminated any interest in parole).

4

Golie was revoked and additional stipulations were placed upon his parole. *Id.* at 4. Golie argues both the Board and the Montana Supreme Court erred in their failure to consider and apply these new statutes and administrative rules. *Id.* at 4-5.

Golie asks this Court to apply the new state statutes and policy to his case and order the Bureau of Prisons, Department of Corrections, and state Probation and Parole Officers to follow the process outlined in the state rules, laws, and policies. *Id.* at 9. Golie requests and order reinstating his parole and directing the state entities from applying state policy in an unjust matter. *Id.* at 9-10.

### C. Analysis

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per curiam).

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout,* 562 U.S. at 222. With respect to parole hearings an inmate is constitutionally entitled only to an opportunity to be heard and a statement of reasons why parole was denied. *Swarthout,* 562 U.S. at 220. Likewise, in Montana there is no state-created liberty interest in parole. See, f.n. 4, *supra*. Thus, there is neither a constitutional right

nor a protected liberty interest at issue in the instant case.

While Golie disagrees with his initial arrest and the Board's ultimate decision to revoke his release on parole, he does not advance a claim that he was deprived of anything to which he was entitled. As set forth above, he appeared for an informal intervention hearing, an on-site probable cause hearing, and an on-site parole revocation hearing. That fact that he received an outcome that was not favorable to him does not convert this matter into one of constitutional import. Golie received the minimal procedural protection required, that is the "beginning and the end of federal habeas" analysis. *Swarthout*, 562 U.S. at 220.

Further, any claims Golie advances asserting error in either the interpretation or application of Montana law and/or policy by the Parole Board or the Montana Supreme Court, including those policies enacted in 2017, fail because such error is not subject to review by a federal court. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2

6

(9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law).

Because the Parole Board had the discretion and authority to revoke Golie's parole under state law, Golie cannot prevail in this federal habeas action. The petition should be denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Golie's petition should be denied because he has failed to make a substantial showing of a denial of his constitutional rights and his claim is not cognizable in federal habeas. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

7

## ORDER

Golie's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Golie's Petition (Doc. 1) should be DENIED.

2. The Clerk of Court should be directed, by separate document, to enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Golie may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Golie must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 14th day of January, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge